UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DREW VINCENT BREEN,

Plaintiff,

v.

VICTOR MICHAEL FLOUTY a/k/a VICTOR MICHAEL FLUTIE a/k/a MICHAEL FLUTIE; HARRY HART ENTERTAINMENT LLC; TESTBOARD TECHNOLOGIES, INC.; 3-102-898342 SOCIEDAD DE RESPONSABILIDAD LIMITADA; SAN JUANILLO BEACH COTTAGES LIMITADA, XYZ COMPANIES 1-20 (said entities being fictitious), and JOHN DOES 1-20 (said persons being fictitious),

Defendants.

Civil Action No.: 1:25-cv-09050

MEMO ENDORSED

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO VACATE THE DEFAULT JUDGMENT**

**BERKOWITZ, LICHTSTEIN, KURITSKY, GIASULLO & GROSS, LLC**
Roy J. Thibodaux, III, Esq.
rthibodaux@blkgg.com
104 West 40th Street, Suite 500
New York, New York 10018
Phone: (646) 475-8364

75 Livingston Avenue
Roseland, New Jersey 07068
Phone: (973) 325-7800
Fax: (973) 325-7930
Attorneys for Plaintiff Drew Breen

Dated: August 13, 2026

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .......... ii
INTRODUCTION .......... 1
STATEMENT OF RELEVANT FACTS / PROCEDURAL HISTORY .......... 2
LEGAL ARGUMENT .......... 3
I. STANDARD OF REVIEW .......... 3
II. DEFENDANTS' DEFAULT WAS WILLFUL .......... 3
III. VACATUR WOULD PREJUDICE PLAINTIFF .......... 5
IV. DEFENDANTS' ASSERTED DEFENSES DO NOT COMPEL VACATUR .......... 5
CONCLUSION .......... 6

# TABLE OF AUTHORITIES

## Cases

Belizaire v. RAV Investigative & Sec. Servs., Ltd., 310 F.R.D. 100, 106 (S.D.N.Y. 2015) ..........5

Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 187 (2d Cir. 2015)..........3

Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993)..........3, 4

Guggenheim Capital, LLC v. Birnbaum, 722 F.3d 444, 455 (2d Cir. 2013)..........3

Henry v. Oluwole, 108 F.4th 45, 52 (2d Cir. 2024)..........3, 4

Kantor v. Air Atl. Med., P.C., 19-CV-3597(EK)(ST), 2023 WL 2329800, at *7–8 (E.D.N.Y. Mar. 2, 2023)..........6

New York v. Green, 420 F.3d 99, 110 (2d Cir. 2005)..........4, 5

Pecarsky v. Galaxiworld.com Ltd., 249 F.3d 167, 172 (2d Cir. 2001)..........4

S.E.C. v. McNulty, 137 F.3d 732, 738 (2d Cir. 1998)..........3, 4

# INTRODUCTION

Plaintiff, Drew Vincent Breen, has moved expeditiously to pursue his claims against defendants, who willfully disregarded their obligations to appear and participate in this lawsuit until recently, and only after plaintiff obtained a final default judgment against them. Prior to that time, defendants – who at all times relevant have had actual notice of this proceeding as evidenced by email communications with plaintiff's counsel – not only ignored their obligations to appear in this lawsuit, but refused to waive service of the summonses. In doing so, defendants have caused plaintiff to go to great lengths, at significant expense, to effectuate service of process, including by and through the Secretary of State of New York and the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters of November 15, 1965 (the "Hague Service Convention"), and have necessitated Mr. Breen having to retain separate counsel in Costa Rica.

Defendants' default was willful and deliberate, and as such, defeats vacatur. Plaintiff would be prejudiced if the final default judgment he obtained against defendants is vacated, as it would further thwart plaintiff's recovery and provide defendants with a greater opportunity for fraud. More specifically, it would allow defendants the opportunity to transfer the real properties in Costa Rica that were purchased with plaintiff's monies, and in doing so, further distance plaintiff from any meaningful chance at recovery. Defendants have not demonstrated that they have a meritorious defense to plaintiff's claims. In fact, defendants admit that plaintiff should have been given consideration in exchange for his monies, and acknowledge that they have never done so.

Plaintiff respectfully requests that the Court deny defendants' motion, and permit plaintiff to continue his enforcement of his default judgment against defendants.

## STATEMENT OF RELEVANT FACTS / PROCEDURAL HISTORY

Plaintiff, Drew Vincent Breen, commenced this action to pursue the $713,500.00 he sent to defendants over the course of six months in 2024, in reliance on the fraudulent inducement of defendant Michael Flouty, who misrepresented that Mr. Breen would receive consideration, including real property and an interest in a business entity, of equal value in exchange, and that the monies would be used to purchase two adjacent properties in Costa Rica, to construct a wall around those properties and to renovate, repair and update those properties. As set forth more specifically in plaintiff's Complaint, defendant Mr. Flouty never provided, nor ever intended to provide, Mr. Breen with anything in exchange for Mr. Breen sending him $713,500.00; did not use Mr. Breen's monies for their agreed-upon purposes; and converted and misappropriated Mr. Breen's monies including but not limited to by creating two Costa Rican, alter-ego shell companies, transferring Mr. Breen's monies to those entities, and then using those alter-ego shell companies to purchase and hold the two adjacent properties in Costa Rica. (Complaint, ECF 1, Summary of the Action).

Mr. Breen obtained a final default judgment against defendant Flouty and his company defendant Harry Hart Entertainment, LLC on June 23, 2026. (ECF 35). Defendants Flouty and Harry Hart now seek to vacate the default judgment and "to appear and file a responsive pleading."

In an Order dated July 30, 2026, the Honorable Katherine Polk Failla, U.S.D.J., directed plaintiff to file any response on or before August 13, 2026, and further ordered that "Plaintiff is invited to respond to any and all of Defendants' arguments, but the Court is particularly interested in Plaintiff's efforts to ensure that service of pleadings and motion papers were properly effectuated on these Defendants."

It is respectfully submitted that plaintiff's service of process efforts were detailed in my Declaration in Support of Order to Show Cause (ECF 29) and the Proof of Service (ECF 33) filed in connection therewith, and plaintiff relies upon same in opposition to defendants' motion.(See Declaration of Roy J. Thibodaux III, Esq., Exhibits 1 and 2).

## LEGAL ARGUMENT

### I. STANDARD OF REVIEW

The three factors that govern relief from a default or default judgment are: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993). These factors are applied more rigorously to a default judgment because finality and litigation repose are implicated. Ibid. While acknowledging that defaults are disfavored and doubts are resolved for the movant, plaintiff respectfully submits that there is no genuine dispute that defendants' default was willful.

### II. DEFENDANTS' DEFAULT WAS WILLFUL

"Willfulness 'is the most significant factor' but is not dispositive." Henry v. Oluwole, 108 F.4th 45, 52 (2d Cir. 2024)(citation omitted). It is recognized that "default [is deemed] to have been willful where the conduct of counsel or the litigant was egregious and was not satisfactorily explained." S.E.C. v. McNulty, 137 F.3d 732, 738 (2d Cir. 1998). Bad faith is not required, and a deliberate default suffices. Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 187 (2d Cir. 2015). An inference of willful default is found in certain instances including the following:

> Birnbaum does not deny that he received the complaint, the court's orders, or the notice of default judgment, or that he never answered the complaint. Likewise, he does not contend that his non-compliance was due to circumstances beyond his control. These and other circumstances support an inference of willful default.

[Guggenheim Capital, LLC v. Birnbaum, 722 F.3d 444, 455 (2d Cir. 2013)].

Here, defendants admit to having actual notice of the proceeding, and to taking no action in response thereto. Defendants acknowledge that they were served with process, engaged with counsel for plaintiff by email, wrote to the Court, and yet never appeared or answered. Defendants ignored the Order to Show Cause and the requirement that they submit "any opposition to entry of a default judgment . . . on or before June 2, 2026."

Defendants' own brief recognizes that Mr. Flutie's inaction may be viewed "with some skepticism." Defendants' contention that the case was somehow paused as to him defies credulity, as the March 13 email addressed only the initial pretrial conference. Moreover, the cases relied upon by defendants in support of their application are inapposite and do not support vacating the final default judgment. Enron Oil Corp., supra, 10 F.3d at 97 (involving a pro se litigant, whose opposition papers were filed only a day or so late); Pecarsky v. Galaxiworld.com Ltd., 249 F.3d 167, 172 (2d Cir. 2001) (citing to "less than one week's notice" and being "required to find new counsel in a complicated securities class action"); Henry, supra, 108 F.4th at 49) (noting that the default judgment was not a final default judgment).

Here, defendant Flouty does not deny that he was long-aware of this litigation before he decided to engage counsel to make the instant application. It is notable that defendant Flouty emailed the Court just one day before the first Court conference was scheduled to take place, and thus, implicitly recognized his need to appear in this lawsuit. Since defendant Flouty does not identify any circumstances beyond his control that rendered him unable to comply with his obligations, it is respectfully submitted that the Court should infer his default to be willful, and deny defendants' motion to vacate based thereon.

## III. VACATUR WOULD PREJUDICE PLAINTIFF

It is recognized that delay can prejudice a party who obtains a default judgment when such delay "may thwart plaintiff's recovery or remedy. It also may result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." New York v. Green, 420 F.3d 99, 110 (2d Cir. 2005). Moreover, "[a]n absence of prejudice to the nondefaulting party would not in itself entitle the defaulting party to relief from the judgment." McNulty, supra, 137 F.3d at 738.

Here, defendant Flouty claims to reside primarily in Costa Rica. Plaintiff's monies sent to defendants were funneled into Costa Rican entities created to hold the real properties and distance plaintiff from his monies. It appears that the two properties may be the only source of recovery for plaintiff. If plaintiff's collection efforts are delayed, it would afford defendant the opportunity to sell the two Costa Rican properties, and either spend / exhaust plaintiff's monies or further distance plaintiff from recovery. As such, plaintiff would be prejudiced if the default judgment is vacated.

## IV. DEFENDANTS' ASSERTED DEFENSES DO NOT COMPEL VACATUR

It is well-established that a "'defendant must present more than conclusory denials when attempting to show the existence of a meritorious defense.'" Green, supra, 420 F.3d at 110.

Here, defendant Flutie admits that Mr. Breen was to receive consideration in exchange for the monies he sent to defendants. Defendant Flutie further concedes that at no time has he actually provided any consideration to Mr. Breen, and that he made no attempt to do so contemporaneous with Mr. Breen's transfers of money. Defendant's belated efforts to rectify his fraud and other impermissible actions do not equate to a meritorious defense.

"If a potentially meritorious defense and the absence of prejudice were enough to vacate a default judgment under these circumstances, then even defendants who made a strategic decision to default could routinely disrupt final judgments." Belizaire v. RAV Investigative & Sec. Servs.,

Ltd., 310 F.R.D. 100, 106 (S.D.N.Y. 2015). It is recognized that when balancing the factors whether to vacate a default that not all factors must be weighed equally:

> In summary, Defendants' default was willful and egregious; Defendants raise a potentially meritorious defense to Kantor's claims; and Kantor would be slightly prejudiced by an order vacating the default judgment. Thus, the first factor (heavily) and the third factor (slightly) weigh against vacating the default judgment, while the second factor weighs in Defendants' favor.
>
> As noted above, however, the Court need not weigh the factors equally. Instead, of the factors, "willfulness is preeminent, and a willful default will not normally be set aside." For this reason, "district courts in this circuit have repeatedly denied motions to vacate default judgments solely on the basis of the defaulting party's willfulness." This includes cases where, similar to here, the court found "a potentially meritorious defense and the absence of prejudice."
>
> Because the Court finds that the default in this case was particularly willful, Defendants' ability to raise a meritorious defense and the slight evidence of prejudice to Kantor "do not outweigh Defendants' egregious disregard for the legal process." Defendants' motion to vacate the default judgment pursuant to Rule 60(b)(1) is therefore denied.
>
> [Kantor v. Air Atl. Med., P.C., 19-CV-3597(EK)(ST), 2023 WL 2329800, at *7–8 (E.D.N.Y. Mar. 2, 2023)(internal citations omitted)].

## CONCLUSION

For the reasons set forth herein, and in the accompanying declaration and affidavit detailing plaintiff's service of process upon defendants, it is respectfully submitted that defendants' motion to vacate the default judgment be denied. In the event that the Court is inclined to grant defendants' motion, it is respectfully submitted that it consider conditioning same upon defendants reimbursing plaintiff for his legal fees and costs associated with defendants' refusal to waive service of the summonses; that the two Costa Rican entity defendants – which are controlled by defendant Flouty – be compelled to enter an appearance through counsel and file a responsive pleading; and that defendants be prohibited from transferring or encumbering the real property in Costa Rica during

the pendency of this litigation.

Respectfully submitted,

**BERKOWITZ, LICHTSTEIN, KURITSKY, GIASULLO & GROSS, LLC**
Attorneys for Plaintiff,

Dated: August 13, 2026

By: ______________________
Roy J. Thibodaux III, Esq.

The Court has reviewed the motion of Defendants Victor Michael Flouty a/k/a Victor Michael Flutie a/k/a Michael Flutie and Harry Hart Entertainment LLC's ("Harry Hart") (collectively, "Defendants") to vacate the default judgment entered against them, (Dkt. #39-42), as well as Plaintiff's opposition, (Dkt. #47-48). For substantially the reasons set out in Plaintiff's briefing, Defendants' motion is DENIED.

As suggested in the Court's prior Order on July 30, 2026 (Dkt. #44), Mr. Flouty could not have credibly understood the email exchange with Court staff to absolve his need to respond or otherwise oppose default judgment. Even if Mr. Flouty had that misimpression, it was certainly obviated by the time of his receipt of the motion to show cause (Dkt. #32), and by the time the show-cause hearing was held (Dkt. #35). Plaintiff has gone to great lengths to effectuate service of process on Defendants, including by and through the Secretary of State of New York and the Hague Service Convention, (Dkt. # 48), and the Court is not persuaded that Defendants mistakenly believed the case was stayed until they retained counsel. Accordingly, this Court declines to vacate default judgment against Defendants Mr. Flouty and Harry Hart because (i) "the default was willful;" (ii) setting aside the default would prejudice the adversary; and (iii) a "meritorious defense" was not presented. *Enron Oil Corp.* v. *Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993).

In addition, the remaining parties in the case -- Plaintiff Breen and Defendant TestBoard Technologies, Inc. -- are hereby ORDERED to appear for a telephonic pretrial conference on **September 8, 2026**, at **10:00 a.m.** At the designated time, the parties shall call (855) 244-8681 and enter access code 2315 780 7370. In accordance with the Court's Order on November 7, 2025 (Dkt. #3), the parties are reminded that they must submit a Proposed Civil Case Management Plan, a Scheduling Order, and a joint status update by Thursday of the week prior to the initial pretrial conference.

The Clerk of Court is directed to terminate docket entry 39.

Dated: August 17, 2026
New York, New York

SO ORDERED.

Katherine Polk Failla

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE